UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-cv-00386 ) |
| $61,000.00 UNITED STATES CURRENCY, | ) ) |
| Defendant, | ) ) |
| and | ) |
| ARTHUR KHARATYAN, | ) ) ) |
| Claimant. | ) |

## COMPLAINT OF FORFEITURE *IN REM*

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Traci M. Cosby, Assistant United States Attorney, files its Complaint of Forfeiture *in Rem* pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

### NATURE OF THE CLAIM

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of the Defendant Property based on violations of 21 U.S.C. § 801 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil action commenced by the United States) and to 28 U.S.C. § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is sixty-one thousand dollars in United States Currency ("$61,000.00," or "Defendant Property") (Asset Identification Number CBP 2023V01245).

## FACTS

6. On June 29, 2023, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force ("Interdiction Task Force"), comprised of the Indiana State Police, the Indianapolis Metropolitan Police Department ("IMPD"), and Homeland Security Investigation agents, United States Customs and Border Protection ("HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies.

8. Because of the commonality of parcel/bulk cash smuggling, task force officers are trained to identify indicators of suspicious packages.

9. Individuals who traffic controlled substances use various techniques to mask their identity, hide the proceeds of their trafficking activities, and conceal the actual location of their residences and/or stash houses.

10. Individuals who traffic controlled substances typically send parcel packages via overnight or express shipping.

11. Traffickers use excessive external taping in an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package.

12. Unlike legitimate business items or personal gifts—which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument—narcotics traffickers rarely include any type of instructions with the proceeds.

13. Parcel packages used for parcel/bulk cash smuggling are often delivered to a vacant house or unknown residence, or co-conspirator's residence.

14. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation.

15. Because of the commonality of parcel/bulk cash smuggling, task force officers are trained to identify indicators of suspicious packages.

16. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions.

17. Parcels sent from individual to individual, from non-business sender to non-

business receiver, and from residence to residence also draw suspicious when they are coupled with other parcel/bulk cash smuggling indicators.

18. During the course of the operation, a package being shipped by a parcel service (FedEx) with a shipping label attached, reflecting tracking number of 7804 8652 5890 ("Parcel 7804 8652 5890" or the "FedEx Package"), was identified as suspicious by an IMPD officer on the Interdiction Task Force.

19. Parcel 7804 8652 5890 was addressed to Marina Abadzhyan, 12156 Wixom St., North Hollywood, California 91605 with phone number 818-284-0311.

20. The sender of Parcel 7804 8652 5890 was identified as Sarkis Gervorkyan, also at 12156 Wixom St., North Hollywood, California 91605 with phone number 818-284-0311.

21. Parcel 7804 8652 5890 drew the attention of a Task Force officer and was deemed suspicious for several reasons.

22. Parcel 7804 8652 5890 was a new box with extra external tape around the parcel seams.

23. Parcel 7804 8652 5890 was sent using via FedEx Priority Overnight, weighed approximately 7.35 pounds.

24. Parcel 7804 8652 5890 was shipped from an individual to an individual both of whom shared the same residence.

25. The addresses for the sender and for the recipient for Parcel 7804 8652 5890 are located in a source state (California).

26. Parcel 7804 8652 5890 was tendered at a FedEx location in Chevy Chase, Maryland.

27. Parcel 7804 8652 5890 had the same telephone number for the sender and

receiver.

28. Parcel 7804 8652 5890 did not require a signature from the recipient.

29. A certified drug detection canine, Charlotte, handled by an experienced IMPD canine handler, conducted a narcotics detection inspected of Parcel 7804 8652 5890 and other packages.

30. Charlotte indicated that there was a controlled substance odor emitting from Parcel 7804 8652 5890.

31. Charlotte has been trained and certified in odor detection for marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

32. Charlotte is certified annually.

33. The IMPD canine handler has been working with Charlotte for over three years.

34. On June 29, 2023, an IMPD officer contacted Special Agent Luther A. Selby, with HSI, and informed him of the suspicious package.

35. SA Selby then contacted Marina Abadzhyan, the intended recipient, by telephone.

36. Abadzhyan stated that she knew nothing of Parcel 7804 8652 5890.

37. Abadzhyan informed SA Selby that Sarkis Gervorkyan, the sender, was her son.

38. An initial investigation into the sender and intended recipient revealed that Gervorkyan had been arrested for possession of marijuana on June 15, 2020, by the Drug Enforcement Administration New York Strike Force.

39. Based on the forgoing facts, Parcel 7804 8652 5890 was held for further investigation.

40. Due to Charlotte's positive indication for narcotic odor, Parcel 7804 8652 5890 was placed through an x-ray, which showed what appeared to be stacks of United States

Currency.

41. It is against Federal Express shipping policy to ship cash via Federal Express. *See* FedEx Freight 100-V Rules Tariff, at 33, U.S. Section 1, Item 780, Rule 4(f), *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf.

42. On June 30, 2022, Special Agent Selby applied for a federal search warrant to inspect Parcel 7804 8652 5890 based on the suspicious nature of the package, the certified drug detection canine's positive indication, and the x-ray imaging of United States Currency.

43. That same day, a district court judge granted the search warrant upon a finding of probable cause.

44. On July 5, 2022, Special Agent Selby and Special Agent Chris Bryant executed the search warrant and opened Parcel 7804 8652 5890.

45. Upon opening Parcel 7804 8652 5890, the agents found that it was packaged like a nesting doll. [Exhibit 1.]

46. Inside Parcel 7804 8652 5890, officers found a medium FedEx shipping box. *Id.* at 3-4.

47. The medium FedEx shipping box inside of Parcel 7804 8652 5890 was packaged with extra external shipping tape around the seams. *Id.* at 4.

48. The medium FedEx shipping box contained a small FedEx shipping box. *Id.* at 4-5.

49. The small FedEx shipping box located inside of Parcel 7804 8652 5890 was also packaged with extra external shipping tape around the seams. *Id.* at 5.

50. The small FedEx shipping box contained multiple bundles of United States

Currency separated by rubber bands. *Id.* at 6.

51. As discussed in Paragraphs 7 through 14 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.

52. On July 5, 2023, SA Selby took custody of the United States Currency that was located inside of Parcel 7804 8652 5890, as money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act shall be subject to forfeiture in the United States.

53. On July 11, 2023, the money was counted and totaled seized the $61,000.00.

54. On July 20, 2023, California-licensed attorney, Jacek Lentz, contacted SA Selby, asserting that he represented Abadzhyan's and Gervorkyan's interest in Parcel 7804 8652 5890.

55. On August 29, 2023, CBP timely sent seizure notices to Abadzhyan and Gevorkyan through Attorney Lentz.

56. Neither Abadzhyan, nor Gevorkyan responded to the notices.

57. On October 2, 2023, Attorney Lentz filed a timely claim to the seized currency on behalf of Arthur Kharatyan.

58. On November 6, 2023, Attorney Lentz informed CBP that Kharatyan was the lawful owner of the funds, which he mailed as an intended loan between interested parties.

59. Kharatyan, through counsel, asserted to CPB that he would provide documents reflecting his lawful interest in the currency.

60. To date, Kharatyan has provided no such documentation.

61. Defendant property remains in the custody of HIS.

## PERTINENT STATUTES

62. Under 21 United States Code Section 841(a)(1), it shall be unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

63. Under 21 United States Code Section 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act shall be subject to forfeiture in the United States.

64. The Defendant Property is therefore subject to forfeiture because it constitutes: (1) money furnished or intended to be furnished in exchange for a controlled substance; (2) proceeds traceable to such an exchange; and/or (3) money intended to be used to facilitate a violation of the Controlled Substances Act, in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846.

## CLAIM FOR RELIEF

65. Based on the factual allegations set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violation of [the Controlled Substance Act], 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be

entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court deems just and proper.

ZACHARY A. MYERS  
United States Attorney

By:    */s/ Traci M. Cosby*  
      Traci Marie Cosby  
      Assistant United States Attorney  
      Office of the United States Attorney  
      10 West Market Street, Suite 2100  
      Indianapolis, IN 46204-3048  
      Telephone: 317-229-6333  
      Fax: 371-226-5027

























## VERIFICATION

I, Special Agent Luther A. Selby, hereby verify and declare under penalty of perjury that I am a special agent for the Department of Homeland Security, Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof. I further declare that the matters contained in the Complaint are true to my own knowledge, except for those matters stated to be alleged on information and belief, which I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States; information supplied to me by other law enforcement offices; as well as my investigation of this case as a special agent with HIS and with other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/29/2024

Luther A. Selby, Special Agent
Department of Homeland Security
Homeland Security Investigations